**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES S. GARNETT,

          Petitioner - Appellant,

   v.

RICHARD MORGAN,

          Respondent - Appellee.

No. 11-35316

D.C. CIV 2:05-01438 MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Argued and Submitted December 5, 2011
Seattle, Washington

Before:    TASHIMA, McKEOWN, and TALLMAN, Circuit Judges.

    James Garnett, a Washington state prisoner, appeals the district court's

denial of his petition for a writ of habeas corpus. Garnett's petition is governed by

the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254.

Garnett argues that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

failing to disclose evidence that Garnett could have used to impeach a state witness. We affirm the district court's denial of Garnett's petition because we agree with the district court that the suppressed evidence was not material.

At the request of the State, after victim Dan Diorio's body was found, Kristine Anderson recorded a series of conversations with Garnett's wife Kymberly Garnett. After the recordings were made, but before Garnett's trial began, prosecutors told Anderson that a private foundation had offered a $5000 reward in the case. The district court found that Anderson understood that she needed the prosecutors' recommendation to receive the reward, and that the recommendation was dependent on her continued cooperation and testimony at trial. The district court found that the prosecution did not reveal this information to the defense.

Garnett argues that he raised this *Brady* claim in his state personal restraint petition, but that the Washington courts failed to adjudicate it on the merits. Thus, he reasons that we should evaluate the claim *de novo*, *Cone v. Bell*, 556 U.S. 449, 129 S. Ct. 1769, 1784 (2009), and consider evidence adduced in his federal habeas case, *see Cullen v. Pinholster*, 131 S. Ct. 1388, 1401 n.10 (2011); *id.* at 1417 n.5 (Sotomayor, J., dissenting). For its part, the State contends that the Washington courts rejected Garnett's *Brady* claim on the merits, while at the same time

suggesting that the particular *Brady* claim raised here was never presented to any Washington state court. We need not decide these procedural issues because we conclude that even on *de novo* review and considering the new evidence, Garnett's claim is without merit.

"There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985); *see also Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

Garnett's *Brady* claim fails because there is not a reasonable probability of a different result had the reward evidence been disclosed to the defense. At Garnett's trial for first-degree murder, the state called forty-nine witnesses, including Anderson. The state presented a host of circumstantial evidence against Garnett, including that he went to a bar with Diorio on the night of the murder, that he had a financial motive for the murder, that Diorio's body was found in a remote

location with which Garnett was familiar, and that Garnett had stolen the same type and caliber gun from a neighbor as was used in the murder.

The state also introduced two of Anderson's recordings. On the first recording, one speaker described how she had disposed of bloody clothing, which an unidentified male was wearing when he returned home. On the second recording, one speaker stated that "James" had used a "zapper" on "Dan" because he is a "big boy." Neither recording identified the speakers, identified the full names of "James" or "Dan," or directly tied the conversations to the murder of Diorio.

Anderson testified that the person describing the disposal of bloody clothing and the zapper use on the recordings was Kymberly Garnett, and that "zapper" referred to a Taser. Anderson further testified that the conversations were about the Diorio murder.

The suppression of the reward evidence was not material because even if the suppressed evidence wholly undermined Anderson's credibility, it is not reasonably probable that the jury would not have convicted Garnett. The defense did not challenge Anderson's identification of the speakers on the recordings. The defense apparently did not attempt to argue that the recordings referred to a different "James" or a different "Dan," or that "zapper" meant something other

4

than a Taser. Thus, it is reasonably probable that even if the jury did not believe Anderson, the jury would still have concluded that Garnett's wife stated on the recordings that she had disposed of Garnett's bloody clothing and that Garnett used a Taser on Diorio. And if the jury believed that Kymberly Garnett described the disposal of Garnett's bloody clothing and Garnett's use of a Taser on Diorio, it is not reasonably probable that the jury would have concluded that recorded conversation discussed a hypothetical situation rather than the murder of Diorio.

The evidentiary value of the recorded conversations at Garnett's trial did not depend on Anderson's credibility. And even if it did, the decreased evidentiary weight of this piece of evidence would not reasonably undermine confidence in the outcome of the entire trial. Therefore, the suppression of evidence that could have undermined Anderson's credibility at trial does not undermine confidence in the outcome of Garnett's trial.

Accordingly, the judgment of the district court, denying Garnett's habeas petition, is **AFFIRMED.**